12664/JDP

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2008 APR 29 PM 4: 54

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MAROIL, INC. and ZURICH AMERICAN INSURANCE COMPANY | * | CIVIL ACTION |
| | * | NO. 08-2334 |
| VERSUS | * | SECTION: |
| CAPITAL TOWING, LTD. | * | MAG: |
| | * | SECT. F MAG. 3 |

\*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT

Plaintiff, ZURICH AMERICAN INSURANCE COMPANY, (hereinafter "Zurich") and MAROIL INC., (hereinafter "MAROIL"), (hereinafter collectively referred to as "Plaintiffs") as and for its complaint against CAPITAL TOWING, LTD. (hereinafter "CAPITAL TOWING"), allege upon information and belief as follows:

I.

This is an admiralty and maritime claim within the jurisdiction of the United States and of this Honorable Court, within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, 28 U.S.C. § 1333, and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims. Venue in this action is proper under 28 U.S.C. § 1391(b).

II.

At all material times, plaintiff, ZURICH, is an insurance company incorporated in the State of Illinois and authorized to do and doing business within the State of Louisiana.

Fee $350
Process____
X Dktd____
CtRmDep____
Doc. No.____

III.

ZURICH issued to MAROIL hull policy No. MH358771105 which policy afforded hull coverage to MAROIL for the barges MOC VII and MOC VIII. The policy was in full force and effect at all times pertinent hereto. The policy is the best evidence of its contents and made part hereof by reference as if set out *in extenso*. Pursuant to the aforesaid policy, Zurich made substantial payments to its insured MAROIL such that Zurich is entitled to recover said payments along with interest, court costs, etc. pursuant to the principles of contractual and equitable subrogation.

IV.

At all material times, plaintiff, MAROIL, is a foreign corporation organized and existing under the laws of a state other than Louisiana, which is doing business within the State of Louisiana.

V.

At all material times, defendant, CAPITAL TOWING, was and now is a limited liability partnership organized and existing under and by virtue of the laws of a state other than Louisiana, which at all times pertinent hereto does business in Louisiana.

VI.

At all material times, the M/V BARBARA TAYLOR was a towing vessel which was owned and/or operated by CAPITAL TOWING.

VII.

At all material times, plaintiff, MAROIL, was the owner and operator, respectively, of the tank barges MOC VII and MOC VIII. Both such tank barges were at all times pertinent hereto staunch, tight, strong, and seaworthy in all respects.

VIII.

Pursuant to a charter agreement between MAROIL and CAPITAL TOWING, the M/V BARBARA TAYLOR was towing the tank barges MOC VII and MOC VIII on or about April 30, 2005.

IX.

On or about 12:30 a.m. of April 30, 2005, the M/V BARBARA TAYLOR was traveling southbound in the Mississippi River near Mile 233.8 negotiating Wilkerson Point near Baton Rouge, Louisiana.

X.

While navigating in the area of the Mississippi River at the time described in the preceding paragraph, the flotilla of the M/V BARBARA TAYLOR collided with the U.S. Highway 190 Bridge, resulting in damage to the tank barges MOC VII and MOC VIII.

XI.

The aforesaid allision and all losses resulting therefrom and all damages occasioned thereby were in no way caused or occasioned by any fault, neglect, or want of care on the part of MAROIL or anyone for whose conduct MAROIL is responsible.

XII.

The sole cause of the allision was the unseaworthiness of the M/V BARBARA TAYLOR, and/or the negligence of the officers, captain and/or crew of the M/V BARBARA TAYLOR, as well as the mismanagement of the M/V BARBARA TAYLOR by its owners and/or operators, all of which CAPITAL TOWING is solely liable.

XIII.

As a result of the unseaworthiness of the M/V BARBARA TAYLOR and fault of CAPITAL TOWING as alleged above, MAROIL is entitled to recover its deductible and uninsured losses, such as, but not limited to, loss of use and ZURICH is entitled to recover for all payments made to or on behalf of MAROIL as a result of the casualty in suit, including interest from the date of loss and all costs of these proceedings, as will be more fully proven at trial.

XIV.

Plaintiffs reserve the right to supplement and amend its Complaint to allege other and further damages as may become known.

XV.

Plaintiffs MAROIL and ZURICH pray that, after due proceedings had, there be judgment herein in favor of MAROIL and ZURICH and against defendant, CAPITAL TOWING for all damages that are reasonable in the premises, together with all legal interest from the date of loss until paid, for all costs of these proceedings and for all general and equitable relief as may be deemed just and proper by this Honorable Court.

Respectively submitted:

JOHN B. PEULER, T.A. (#10491)
JEFF D. PEULER (#30017)
PEULER & ERNST
701 Poydras Street, Suite 3845
New Orleans, La 70139
Telephone: (504) 587-7107
Fax: (504) 561-9728
Attorney for MAROIL, LTD. and ZURICH AMERICAN INSURANCE COMPANY