UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MAROIL, INC. and ZURICH AMERICAN INSURANCE COMPANY | * * * | CIVIL ACTION NO. 08-2334 |
| | * | SECTION "F" |
| VERSUS | * * | JUDGE MARTIN L.C. FELDMAN |
| CAPITAL TOWING, LTD. | * * | MAGISTRATE (3) MAG. DANIEL E. KNOWLES III |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## CAPITAL TOWING LTD.'S THIRD-PARTY COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes defendant, Capital Towing Ltd. (hereinafter referred to as "Capital"), and for its Third Party Complaint against Maroil, Inc. (hereinafter referred to as "Maroil") respectfully avers upon information and belief as follows:

## PARTIES

**1.**

Third party plaintiff, Capital Towing, Ltd., was a foreign limited liability partnership authorized to do business in the State of Louisiana.

**2.**

Named third party defendant herein, Maroil, Inc., is a limited liability company organized and existing under the laws of Louisiana.

**3.**

Plaintiff, Zurich American Insurance Company (hereinafter referred to as "Zurich American"), has brought the underlying suit against Capital seeking damages for injuries allegedly sustained by its insured, Maroil, on April 30, 2005.  Maroil originally joined with Zurich American in filing this suit, only to voluntarily dismiss itself on October 14, 2008, as it had already been fully compensated for its alleged damages.

**4.**

Capital has pled certain affirmative defenses which serve to bar any claims that plaintiff might otherwise have.  Capital re-alleges any and all exceptions, responses, and affirmative defenses it has pled earlier on its behalf.

**JURISDICTION**

**5.**

Capital seeks to enforce the terms of a Charter Agreement for towage it entered into with Maroil on February 4, 2005.  While in the tow of the Capital vessel M/V BARBARA TAYLOR pursuant to this Charter Agreement, two Maroil barges, the MOC 7 and MOC 8, allegedly sustained damage when they allided with the Highway 190 bridge over the Mississippi River, near Baton Rouge, such damage forming the basis of the underlying suit.  Accordingly, this Court has subject matter jurisdiction over the third party complaint pursuant to its ancillary jurisdiction, 28 U.S.C. § 1367, and to its admiralty and maritime jurisdiction, 28 U.S.C. § 1333(1).

**VENUE**

**6.**

Venue is proper in this court pursuant to 28 U.S.C. § 1391(b)(2) & (3).

**CLAIM FOR ENFORCEMENT OF CONTRACT**

**7.**

On February 4, 2005, Capital and Maroil entered into a charter agreement involving the Capital vessel M/V BARBARA TAYLOR.[1]

---

[1] Said Charter Agreement is attached hereto as Exhibit "A."

**8.**

Clause 6 of this Charter Agreement required that "Maroil, Inc. and all subsidiaries will name and waive Capital Towing Corporation [*sic* – Capital Towing, Ltd.] and all subsidiaries on its insurance policy."

**9.**

At all times relevant, Zurich American Insurance Company provided coverage to Maroil, including coverage for damage to the barges MOC 7 and 8, under policy MH 3587711-05.

**10.**

Maroil failed to name Capital as an additional insured under policy MH 3587711-05 issued to Maroil by Zurich American Insurance Company.

**11.**

Maroil failed to obtain a waiver of subrogation from Zurich American Insurance Company under policy MH 3587711-05 with regard to Capital.

**12.**

On April 30, 2005, the barges MOC 7 and MOC 8 allegedly sustained damage while in the tow of the Capital vessel, M/V BARBARA TAYLOR.

**13.**

On October 4, 2005, Zurich American made payment to its insured, Maroil, under policy MH 3587711-05, in the amount of $338,901.34 in settlement of claims for damages to the barges allegedly sustained in the April 30, 2005 allision.

**14.**

On April 29, 2008, Zurich American filed suit against Capital, seeking through subrogation the recovery of $338,901.34 it paid to Maroil under policy MH 3587711-05.

**15.**

Had Maroil fulfilled its duties under clause 6 of the Charter Agreement, Zurich American would have waived any subrogated rights it might have obtained in making payment to Maroil, and would have been precluded from recovering any such amounts from Capital.

**16.**

Additionally, had Maroil fulfilled its duties under clause 6 of the Charter Agreement, Zurich American would not have filed suit against Capital, saving Capital substantial expense in the form of defense costs and fees.

**17.**

Capital now seeks enforcement of the February 4, 2005 Charter Agreement, specifically that Maroil be required to pay any amounts related to the April 30, 2005 allision which Capital would not have expended or been adjudicated to pay had Maroil upheld its obligation to "name and waive" Capital on the Zurich policies, including attorneys' fees and defense costs.

## INTEREST

**18.**

In addition to the foregoing sums for which the third party defendant is liable, Capital is entitled to recover pre-judgment and post-judgment interest from third-party defendant.

## TENDER OF MAROIL, INC. AS A DIRECT DEFENDANT TO PLAINTIFF

**19.**

Pursuant to Federal Rule of Civil Procedure 14(c), Capital tenders Maroil, Inc. as a direct defendant to the direct claims of the plaintiff, Zurich American Insurance Company. A copy of Plaintiff's Complaint is attached as Exhibit B.

**WHEREFORE**, third party plaintiff, Capital Towing, Ltd. prays that this Third Party Complaint be deemed good and sufficient, that summons issue from this Court to third party

defendant, Maroil, Inc., that it be cited to answer this pleading within the legal delays, and that after due delays and all proceedings had that there be judgment entered in favor of Capital Towing, Ltd. and against Maroil, Inc.

        Respectfully submitted,

        **DUNCAN, COURINGTON & RYDBERG, L.L.C.**

        /s/ *Elton F. Duncan III*
        **ELTON F. DUNCAN III, T.A. (#14967)**
        **KELLEY A. SEVIN (#25871)**
        **MICHAEL P. HIGGINS (#30554)**
        400 Poydras Street, Suite 1200
        New Orleans, LA  70130
        Telephone: (504) 524-5566
        Facsimile: (504) 524-9003
        E-Mail: eduncan@duncour.com
        E-Mail: ksevin@duncour.com
        E-Mail: mhiggins@duncour.com
        Attorneys for defendant, Capital Towing, Ltd.

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record, via e-mail, through CM/ECF electronic filing, this 12th day of November, 2008.

/s/ *Elton F. Duncan III*